IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY PATRICK SHORT, *Plaintiff*, v. OFFICER WEBB, *et al.*, *Defendants*. | CIVIL ACTION NO. 18-4130 |

PAPPERT, J.                                                        November 27, 2019

**MEMORANDUM**

      Defendants Agent Miller, Corrections Officer Webb and PREA Compliance Officer Owens[1] seek reconsideration of the Court's September 20, 2019 decision that they had not shown that Plaintiff Harvey Patrick Short is prohibited from proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(g). (Defs' Mot., ECF No. 29.) In the alternative, Defendants ask the Court to consider their "filing as a new motion to revoke plaintiff's *in forma pauperis* status." (Def.'s Br., ECF No. 29, at 2.) The Court will revoke plaintiff's *in forma pauperis* status and grant Defendants' motion for the following reasons.

      Section 1915(g) "supplie[s] a powerful economic incentive not to file frivolous lawsuits or appeals." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 314 (3d Cir. 2001). It limits a prisoner's ability to proceed *in forma pauperis* if he or she has had three or more prior actions or appeals dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). The Court previously found that it "[could ]not conclude that Section 1915(g) bars Short from pursuing his

---

[1]     Defendant's motion mistakenly refers to this Defendant as PREA Compliance Officer Webb.

claims in this action without paying the Court's filing fee" because, while Defendants had shown that Webb had accrued two strikes as defined under Third Circuit precedent, they had not shown that he had accrued a third strike. *See Short v. Webb*, No. 18-4130, 2019 WL 4573254, at *1-3 (E.D. Pa. Sept. 20, 2019). The Court left open the possibility that Short's ability to proceed *in forma pauperis* could be revoked if Defendants could "show that any of his prior actions resulted in a decision that meets the Third Circuit's requirements for a strike pursuant to Section 1915(g)." *Id.* at *3.

Defendants have provided the Court with information regarding a third prior action that constitutes a strike. In *Short v. Johnston*, No. 07-105 (W.D.N.C. 2007), Short asserted a claim for federal injunctive relief against a state court judge who allegedly had discriminated against him. In a March 13, 2007 Order, the Western District of North Carolina dismissed Short's complaint "in its entirety" for his "failure to state a cognizable claim for relief." (Defs.' Mot. Ex. 1, ECF 29-1 at 3.) The Court explained that Short's Complaint made only a "passing reference to the treatment of similarly situated 'White criminal defendants,'" his allegation of discrimination was "conclusory," and he "failed to set forth a single fact in support of his allegations that the defendant ha[d] subjected him to discrimination," making his claim "far too insubstantial to warrant such an extreme remedy as federal injunctive relief." (*Id.*) The Court also explained that the dismissal was not based upon judicial immunity because "claims for injunctive relief against state court judges are an exception to the long-settled principle of judicial immunity." (*Id.* at 2 (citing *Pulliam v. Allen*, 466 U.S. 522, 536-43 (1984)).) Short asked the Court to set aside the dismissal of his claims against *Johnston*, but it rejected his motion in an October 7, 2008 Order, explaining

that it had "dismissed Plaintiff's entire complaint as too conclusory and insubstantial to state a valid claim for relief." (*Id.* at 2.)

Short argues that the dismissal in *Johnston* "was a dismissal without prejudice" and cannot be counted as a strike. (Pl.'s Response, ECF No. 34 at 1.) However, the Court's March 13, 2007 Order did not specify that the dismissal was without prejudice. When an order does not so specify, "under Fed. R. Civ. P. 41(b) the dismissal 'operates as an adjudication upon the merits,'" and is thus assumed to be *with* prejudice. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000); *see also Ball v. Famiglio*, 726 F.3d 448, 460 (3d Cir. 2013), *abrogated in part on other grounds by Coleman v. Tollefson*, — U.S. —–, 135 S.Ct. 1759, 1763, 191 L.Ed.2d 803 (2015); *Goodwin v. Castille*, 465 F. App'x 157, 163 n.3 (3d Cir. 2012). In other words, "[a]n unqualified dismissal for failure to state a claim is presumed to operate with prejudice; the addition of the words 'with prejudice' to modify such a dismissal is simply not necessary." *McLean v. United States*, 566 F.3d 391, 398-99 (4th Cir. 2009). Because *Short v. Johnston* was dismissed in its entirety for a reason listed in Section 1915(g), it counts as a third strike against Short.

Short argues that even if he has accumulated three strikes under Section 1915(g), he should be permitted to proceed with his claims in this action because "he was in imminent danger of serious physical injury." (Pl.'s Resp. at 1.) He asserts that "[h]e was constantly subjected to body cavity searches wherein he could be physically touched by PA DOC officials on his private parts." (*Id.*) However, "'[i]mminent' dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001). "By using the term 'imminent,' Congress indicated that it wanted to . . . prevent impending harms, not

3

those harms that had already occurred." *Id*. Short's Second Amended Complaint makes allegations regarding a single body cavity search conducted after he arrived at SCI-Graterford. They are not enough to show impending harm. Also, conclusory, vague or general allegations do not show that a plaintiff is in imminent danger. *See Ball*, 726 F.3d at 468, *abrogated in part on other grounds by Coleman*, 135 S. Ct. 1759. As the Court has already concluded, Short's allegations regarding the cavity search are insufficient to state a claim for a violation of his constitutional rights. *Short*, 2019 WL 4573254, at *6-7. They are likewise insufficient to show that he was under imminent danger of any impending harm when he filed the Second Amended Complaint.

For the reasons stated above, the Court will revoke Short's *in forma pauperis* status, finding that he has accrued three strikes under 28 U.S.C. § 1915(g). Should Short desire to continue with his claims against Defendants, he must first pay the full filing fee.

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

4